# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IRA K. HOLMES,

          Petitioner,

v.                             CIVIL ACTION NO. 04-CV-40318-FL
                                     HONORABLE PAUL V. GADOLA

MILLICENT WARREN,

          Respondent.

_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.**     **Introduction**

     Petitioner Ira K. Holmes, a state prisoner currently confined at the Mound Correctional Facility in Detroit, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time he instituted this action, Petitioner was confined at the Thumb Correctional Facility in Lapeer, Michigan where Respondent Millicent Warren is the warden.

     Petitioner was convicted of five counts of uttering and publishing following a jury trial in the Genesee County Circuit Court and was sentenced as a fourth habitual offender to concurrent terms of 14 to 28 years imprisonment on those convictions. In his pleadings, Petitioner challenges the lawfulness of his sentence. For the reasons stated below, the petition for a writ of habeas corpus is denied.

**II.**     **Procedural History**

     Petitioner's convictions arise from his conduct in forging and cashing stolen cashier checks

totaling over $100,000.00.  Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting that he was entitled to be re-sentenced where the trial judge (1) erroneously denied defense objections to the scoring of offense variables 9 and 14, and (2) failed to articulate legitimate substantial and compelling reasons to deviate above the recommended range for the minimum sentence.  The Michigan Court of Appeals affirmed his sentence.  *People v. Holmes*, No. 235213, 2003 WL 1343207 (Mich. Ct. App. March 11, 2003) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Holmes*, 469 Mich. 945, 670 N.W.2d 672 (2003).

Petitioner thereafter filed the present habeas petition alleging that his sentence is unlawful because the minimum sentence exceeds the guideline range.  Respondent has filed an answer to the petition asserting that it should be denied for lack merit.

## III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions

of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, this Court presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.    Analysis

Petitioner asserts that he is entitled to habeas relief because his minimum sentence exceeds the guideline range. In his state court proceedings, Petitioner more specifically argued that the trial court erred in scoring his sentencing guidelines and that the trial court erred in departing upward from those guidelines.

It is well-established that a trial court's perceived improper interpretation of the Michigan sentencing guidelines is not a basis upon which federal habeas relief may be granted. *See Whitfield v. Martin,* 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). A criminal defendant has no state-created liberty interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). Additionally, there is no federal constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Accordingly, to the extent that Petitioner asserts that his sentence violates the Michigan sentencing guidelines, his claim is not cognizable in a habeas proceeding because it is a state law claim. *See*

4

*Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).[1]

Further, Petitioner has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Petitioner's claim that the trial court improperly departed above the sentencing guidelines range thus does not entitle him to federal habeas relief. *See Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *see also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001) (whether state trial court exceeded state sentencing guidelines without sufficient reason was not cognizable on federal habeas review).[2]

To the extent that Petitioner may be asserting that his sentence is disproportionate under state law, he also fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). Petitioner is similarly not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty

---

[1]The Court notes that the trial court's scoring of offense variables 9 and 14 is supported by the record, *see Holmes*, 2003 WL 1343207 at *1-2, and the Michigan Court of Appeals' decision is neither contrary to nor an unreasonable application of United States Supreme Court precedent.

[2]The Court notes that the trial court's upward departure from the sentencing guidelines is supported by the record, *see Holmes*, 2003 WL 1343207 at *2, and the Michigan Court of Appeals' decision is neither contrary to nor an unreasonable application of United States Supreme Court precedent.

authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261. Petitioner was sentenced as a fourth habitual offender to concurrent terms of 14 to 28 years imprisonment on his five uttering and publishing convictions. While the sentence exceeded the guideline range, it was within the statutory maximum. *See* Mich. Comp. Laws §§ 750.249, 769.12. Accordingly, this Court concludes that the trial court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between Petitioner's crimes and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

## V.     Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA with this Court within **TWENTY-ONE (21) DAYS** of filing a notice of appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("**We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.**" (emphasis added)). Respondent may file a

response with an appropriate brief, both of which shall comply with the Local Rules, within

**FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.


Dated: November 2, 2005                              s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE


Certificate of Service

I hereby certify that on  November 2, 2005  , I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system which will send notification of such filing
to the following:
                          Raina I. Korbakis                                , and I
hereby certify that I have mailed by United States Postal Service the paper to the
following non-ECF participants:                          Ira Holmes                          .


                                   s/Ruth A. Brissaud
                                   Ruth A. Brissaud, Case Manager
                                   (810) 341-7845